IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUIS PICART-ALVAREZ                                                                             PETITIONER

VS.                                                             CIVIL ACTION NO.  3:19-cv-151-DPJ-FKB

WARDEN C. RIVERS                                                                             RESPONDENT


**REPORT AND RECOMMENDATION**

Luis Picart-Alvarez is a federal inmate serving a 72-month sentence for drug trafficking imposed by the United States District Court for the District of Puerto Rico.  He is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, and his projected release date is June 24, 2021.  He brings this petition pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence by the Bureau of Prisons (BOP).  Specifically, he claims that the BOP has wrongfully failed to include prior custody and that it wrongfully denied his application for a *nunc pro tunc* designation.

The relevant facts are as follows.  In May of 2008, Petitioner was indicted in the federal court for the District of Puerto Rico on drug trafficking charges.  A year later, on May 18, 2009, he was arrested and charged by the Commonwealth of Puerto Rico for firearms violations and drug trafficking and was taken into Puerto Rico custody.  [14-1] at 1.  On December 1, 2009, he was released to temporary federal custody on a writ of habeas corpus *ad prosequendum* on the federal charges.  *Id.,* [14-2] at 2-3.  Petitioner entered a guilty plea on the federal charges, and on August 6, 2010, he was sentenced in federal court to a term of 90 months. [14-1] at 1-2, [14-3] at 2.  The judgment stated that he was to be credited with time served, and at the sentencing hearing, the court

directed that he receive credit for time served from December 4, 2009.[1]  [14-3] at 2, [14-1] at 2.  The sentencing order did not address the issue of whether the sentence was to be served consecutively or concurrently with any other sentence.  [14-3] at 3.

After his federal sentencing, Petitioner was returned to the exclusive custody of Puerto Rico, and on August 17, 2010, he was sentenced on the Puerto Rico charges to a total term of 15 years.  [14-1] at 2.  The sentencing orders provided that Petitioner's Puerto Rico sentences were to be served concurrently with his federal sentence.  [14-4] and [14-5].[2]  On August 12, 2012, the federal court reduced Petitioner's federal sentence from 90 months to 72 months.  [14-1] at 2, [14-6] at 2.  Petitioner completed his Puerto Rico sentence on October 30, 2016.  [14-1] at 2.  He remained in the custody of Puerto Rico until January 13, 2017, when he was released to exclusive federal custody.  [14-1] at 2.

*Prior Custody Credit and Credit for Time Served on Puerto Rico Sentence*

Petitioner contends that the BOP has wrongfully calculated his sentence, in that it has failed to give him prior custody credit for the period beginning December 2, 2009 (the date he identifies as the date he was released by Puerto Rico authorities to temporary federal custody for his federal prosecution) and has failed to credit to his

---

[1] The judge identified this as the date of Petitioner's arrest on federal charges.  [14-1] at 2.

[2] Petitioner was sentenced in a total of nine criminal cases by the Puerto Rico court.  All the sentencing orders are in Spanish.  Each states that "[e]stas penas se cumplirán de forma concurrente con la pena que extingue el convicto en la jurisdicción federal."

2

federal sentence the time he served on his Puerto Rico sentences, thereby failing to honor the Puerto Rico court's directive that his Puerto Rico sentences were to be served concurrently with his federal sentence.

In response to the petition, Respondent has submitted the declaration of J.R. Johnson, a programs specialist at the BOP's Designation and Sentence Computation Center, along with records from Petitioner's BOP file. [14-1]. In his declaration, Mr. Johnson explains the computation of Petitioner's sentence as follows. The BOP determined that, pursuant to 18 U.S.C. § 3585(a), Petitioner's sentence commenced on January 13, 2017, the date he was received into exclusive federal custody. [14-1] at 2, [14-8] at 2. Prior custody credit was given for May 18, 2009, the date of his arrest by the Commonwealth of Puerto Rico, because Puerto Rico had not given him credit for this date. *Id.*, [14-8] at 2. Furthermore, pursuant to the federal court's order at the sentencing hearing, prior custody credit was given from December 4, 2009, through August 6, 2010. *Id.*, [14-8] at 2. He was also given prior custody credit for the period from October 31, 2016 (the day after he completed his Puerto Rico sentence) through January 12, 2017 (the day before he was received into exclusive federal custody and began serving his federal sentence). *Id.*, [14-8] at 2. Mr. Johnson further indicates that the Commonwealth of Puerto Rico gave Petitioner prior custody credit for the period

from May 19, 2009 (the day after his Puerto Rico arrest) until August 17, 2010 (the day his Puerto Rico sentence was imposed).  [14-1] at 3.[3]

The explanation of Mr. Johnson indicates that the period in dispute in this action consists of the three days of temporary federal custody for which Petitioner was not given prior custody credit (December 1, 2009, through December 3, 2009) and the period during which he was serving his Puerto Rico sentences (August 17, 2010, through October 30, 2016).  The applicable law indicates that the BOP was correct in not applying any of this time to Petitioner's sentence.

Petitioner was not entitled to credit for the three disputed days in December of 2009, because these days had been credited to Petitioner's Puerto Rico sentence. Section 3585(b) provides that a prisoner is not entitled to prior custody credit for periods that have been credited to another sentence.[4]  Furthermore, the BOP was correct in not

---

[3] The actual wording in the declaration on this issue is somewhat ambiguous as to which sentence the prior custody credit was applied.  It reads as follows:

> Petitioner received all credit for time spent in custody in the Commonwealth of Puerto Rico from the date of his arrest on May 19, 2009, until the date his sentence was imposed by the Ponce Central Judicial Court, August 17, 2010.  Attachment 12.

[14-1] at 3.  The attachment cited is the Puerto Rico sentence computation sheet.  *Id.* This citation clarifies that Mr. Johnson is stating that this time was credited to Petitioner's  Puerto Rico sentence.  [14-13] at 2.

[4] That he was in temporary federal custody during this period does not alter this result.  The writ of habeas corpus *ad prosequendum* resulted in only a "loan" of Petitioner to federal custody; at all times he remained in the primary custody of Puerto Rico.  *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).  This fact is reflected in BOP Program Statement 5880.28, which provides that "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for 'writ' custody is not the federal charge.

crediting Petitioner with the time spent serving his Puerto Rico sentence, *i.e.* in treating Petitioner's federal sentence as consecutive to, rather than concurrent with, his Puerto Rico sentences.  A federal sentencing court has discretion to run a sentence consecutively to or concurrently with an anticipated state sentence.  *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).  Where a court is silent on the issue, the sentences run consecutively.  *See* 18 U.S.C. § 3584 ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (unless the district court specifies otherwise, sentences imposed at different times are presumed to run consecutively).  Here, the federal court made no mention of any other sentence.  Thus, the federal and Puerto Rico sentences were presumed to run consecutively.  That the Puerto Rico court directed otherwise is not determinative.  It is well-settled that the BOP is under no obligation to give effect to a state court's instruction that a state sentence is to be served concurrently with an already-imposed federal sentence. *Hunter*, 622 F.3d at 430; *Leal v. Tombone*, 341 F.3d 427, 429-30 (5th Cir. 2003).

 *Application for Nunc Pro Tunc Designation*

Petitioner also argues that the BOP abused its discretion by denying his application for a *nunc pro tunc* designation.  Where a state sentence is imposed after the federal sentence, the BOP has the discretion to indirectly award an inmate credit for

---

The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody."  BOP Program Statement 5880.28, Sentence Computation Manual, p. 1-20B.

time served in state custody by designating *nunc pro tunc* the inmate's state prison as the place where he served a portion of his federal sentence.  *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *see also* BOP PS 5160.05, para. 9(b)(4) (setting out *nunc pro tunc* procedure).  The BOP's discretion in considering an application is broad, and where the federal court evinces no intent that the sentences run concurrently or declines to make a recommendation, the BOP is "well within its discretion" to deny the application.  *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003).  In the present case, the federal sentencing judge was silent on the issue.  Furthermore, as Mr. Johnson explains in his declaration, the BOP, as part of the process of considering the application, requested an opinion from the sentencing court.  [14-1] at 3.  The court did not respond to the request.  *Id.*  Because there was no evidence that the federal court had intended the sentences to run concurrently, the BOP did not abuse its discretion in denying the application for a *nunc pro tunc* designation.

## CONCLUSION

Petitioner has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Therefore, the undersigned recommends that relief be denied and that his § 2241 petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 28th day of April, 2021.

                                                  /s/ F. Keith Ball
                                                  United States Magistrate Judge